UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>DAVID ALAN COHEN,<br><br>    Defendant | Case No.: 2:17-cr-00114-APG-DJA<br><br>**Order Denying Motion for Post-Conviction Relief**<br><br>[ECF No. 407] |

David Alan Cohen was convicted by a jury of possession of child pornography and receipt or distribution of child pornography. ECF Nos. 335, 366. The Ninth Circuit affirmed his conviction and sentence. ECF No. 402. Cohen now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 407. He contends I erroneously applied some sentencing enhancements, his right to a speedy trial was violated, and his arrest violated his due process rights. None of these arguments is sufficient.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quotation omitted). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). An argument not raised on direct appeal is procedurally defaulted and cannot be raised in a § 2255 motion unless the defendant shows actual innocence or "cause and actual prejudice." *Bousley*, 523 U.S. at 622 (simplified). "Cause and prejudice" may be satisfied by showing ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

     Apparently trying to avoid this procedural bar, Cohen cloaks his first claim—that I erroneously applied some sentencing enhancements—in terms of ineffective assistance of trial counsel. ECF No. 407 at 4 ("If not for the ineffective assistance of David Cohen's counsel (David Fisher) these mistakes would have been pointed out and objected to, the entire sentence would have been adapted in accordance to law and the enhancements would have been downgraded."). I will interpret this claim as alleging ineffective assistance of trial counsel.

     In *Strickland*, the Supreme Court of the United States established a two-prong test for claims of ineffective assistance of counsel, requiring the petitioner to demonstrate (1) that the attorney's "representation fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 688, 694. A court considering such a claim must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. And to establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

     Cohen claims his counsel was deficient for not challenging the application of Sentencing Guideline § 2B2.2(b)(5), which resulted in a five-level increase of the offense level for engaging in a pattern of sexual abuse or exploitation of a minor. ECF No. 407 at 5. At the sentencing hearing, witness "C" testified about sexual encounters with Cohen while C was a minor. ECF

No. 395 at 30-47.  The PSR details several additional instances where Cohen was convicted of sexually abusing and exploiting minors over a lengthy period.  Thus, even if counsel had objected, the enhancement would still have applied.

Similarly meritless is Cohen's claim that his counsel failed to challenge the application of 18 U.S.C. § 2552A(b)(1) and (2).  The Ninth Circuit rejected this argument in Cohen's direct appeal. *United States v. Cohen*, No. 19-10288, 2022 WL 1154759 (9th Cir. Apr. 19, 2022); ECF No. 402.  That court found that I did not err in concluding that N.Y. Penal Law § 130.45 qualifies as an offense justifying a sentence under 18 U.S.C. § 2552A(b)(1) and (2). ECF No. 402 at 4.  Counsel's failure to raise an objection that lacks merit does not constitute ineffective assistance of counsel. *Cf. James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.").

Finally, Cohen's claims that his right to a speedy trial was violated and his arrest violated his due process rights are procedurally barred.  Cohen could have raised those issues in his appeal to the Ninth Circuit, but failed to do so.  He clearly was aware of those issues and was not precluded from raising them.  The failure to raise issues on direct appeal means that those issues are "procedurally defaulted" and cannot be raised in a § 2255 motion. *Bousley*, 523 U.S. at 621.  Cohen does not assert these claims as the ineffective assistance of counsel, nor does he attempt to show actual innocence or "cause and prejudice" to excuse this default.  Thus, these claims are denied.

Because this is a final order resolving Cohen's habeas motion, I must consider issuing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

*United States v. Givens*, 268 F. Supp. 3d 1108, 1124 (D. Nev. 2017) (simplified).  Reasonable jurists would not find my decisions on Cohen's motion debatable or wrong.  I therefore deny a certificate of appealability.

      I THEREFORE ORDER that Cohen's motion to vacate, set aside, or correct his sentence **(ECF No. 407) is denied**.

      I FURTHER ORDER that no certificate of appealability will issue.  The clerk of court is instructed to enter judgment against Cohen in the companion civil case (2:23-cv-525) and close both that case and this case.

      DATED this 11th day of October, 2023.

      _____
      ANDREW P. GORDON
      UNITED STATES DISTRICT JUDGE